UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY M. JAGOS,

            Plaintiff,

v.

BUCKLES & BUCKLES, P.L.C.,
BETSY S. WILSHERE,
JASON R. SIMS, and
ASHLEY A. KAJY,

            Defendant.

_____/

Case No. 2:24-10123
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS (ECF No. 8)

**I.     RECOMMENDATION**:  For the reasons set forth in greater detail below, the Court should:  **(1) GRANT** Defendants' Fed. R. Civ. P. 12(b)(6) motion (ECF No. 8) and dismiss Plaintiff's FDCPA claim (Count I); **(2)** decline to exercise supplemental jurisdiction over Plaintiff's state law claim (Count II) and dismiss this cause of action without prejudice to refiling it in state court; and, **(3)** accordingly, close this case.

**II.     REPORT:**

    **A.     Instant Consumer Credit Lawsuit**

Jagos is not a stranger to this Court, having filed multiple *pro se* lawsuits in this district, most of which relate to consumer credit.[1]  On January 17, 2024, Jagos filed the instant lawsuit *in pro per* against the law firm Buckles & Buckles, P.L.C. and three of its attorneys (Betsy S. Wilshere, Jason R. Sims, and Ashley A. Kajy). (ECF No. 1, ¶¶ 6-9.)  The facts underlying Plaintiff's claims stem from a collection notice Plaintiff alleges to have received on May 1, 2023.  (ECF No. 1, ¶¶ 12-30.) Plaintiff's causes of action include alleged violations of:  (1) the Federal Debt Collection Practices Act (FDCPA), which is codified at 15 U.S.C. §§ 1692-1692p (Count 1); and, (2) the Michigan Occupational Code, which includes collection practices provisions at Mich. Comp. Laws §§ 339.901-920 (Count 2).  (ECF No. 1, ¶¶ 31-46.)

### B.    Instant Motion(s)

---

[1] *See*, *e.g.*, 2:12-cv-10495-GCS-MKM (*Jagos v. Shermeta, Adams & Von Allmen, P.C., et al.*) (consumer credit); 2:12-cv-11674-PDB-DRG (*Jagos v. Weltman Weinberg and Reis, Company, LPA*) (consumer credit); 2:12-cv-11955-GCS-MKM (*Jagos v. Xcelerated Investments, Inc.*) (consumer credit); 2:12-cv-13206-PDB-LJM (*Jagos, et al. v. Law Firm of Allen C Smith, PC, et al.*) (consumer credit); 5:12-cv-15447-JCO-DRG (*Jagos v. Schlee and Stillman Law Office, et al.*) (consumer credit); 5:13-cv-10718-JCO-MAR (*Jagos, et al. v. Mortgage Electronic Systems, Inc.*) (real property / foreclosure); and, 2:14-cv-10634-VAR-MKM (*Jagos, et al. v. Schneiderman & Sherman, P.C., et al.*) (consumer credit).

Judge Edmunds has referred this case to me for pretrial matters.  (ECF No. 9.)  Currently before the Court is Defendants' February 15, 2024 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 8.)

Plaintiff filed a timely response, combined with a motion for summary judgment.  (ECF No. 11.)  Plaintiff claims a motion to dismiss "is improper in this case because there are *genuine issues of fact* on Plaintiff's cause of action for violations of the FDCPA."  (ECF No. 11, PageID.97 (emphasis added); *see also id*., PageID.101.)  Not only does he present a response brief to the motion to dismiss (*see id*., PageID.98-105), but also he moves for summary judgment, seemingly based on Fed. R. Civ. P. 56(a) (*see id*., PageID.101 n.1, 105-107).  E.D. Mich. LR 7.1 provides, in pertinent part:  "*Motions must not be combined with any other stand-alone document*.  For example, a motion for preliminary injunctive relief must not be combined with a complaint, a counter-motion must not be combined with a response or reply, and a motion for downward departure must not be combined with a sentencing memorandum.  Papers filed in violation of this rule will be stricken."  E.D. Mich. LR 7.1(i) (emphasis added).  While the Court will not strike Plaintiff's combined filing (ECF No. 11), the Court will treat the filing solely as a response to Defendants' motion to dismiss.  In the event this case survives the pending Fed. R. Civ. P. 12(b)(6) motion, the parties will have appropriate opportunities to file Rule 56 motions.

3

Defendants have filed a reply.  (ECF No. 12.)  This matter is now ready for decision.

### C.    Fed. R. Civ. P. 12(b)(b)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[2]

### D.    Analysis

#### 1.    Communications regarding alleged debt[3]

---

[2] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

[3] This section of the report cites not only Plaintiff's complaint but also attachments to Defendants' motion (*see* ECF Nos. 8-1, 8-2, 8-3) and attachments to Plaintiff's response (*see* ECF No. 11, PageID.110, 114, 115), where they are referenced in the complaint's factual allegations (*see* ECF No. 1, ¶¶ 12-21). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The citation of

Buckles & Buckles, P.L.C. informed Jagos that he owed $10,511.36 to creditor Discover Bank (for an account ending in 6843).  (ECF No. 8-1, PageID.53.)  Plaintiff alleges he received this collection notice on May 1, 2023.  (ECF No. 1, ¶ 12.)  It is signed by Wilshere.  (ECF No. 8-1, PageID.53.)

Plaintiff's notice of dispute to *Discover* and request for validation is dated June 6, 2023 and was copied to Buckles & Buckles.  (ECF No. 8-1, PageID.48-50; *see also id*., PageID.51-52.)  It appears to have been received by Defendants on June 9, 2023.  (ECF No. 11, PageID.110.)  (*See also* ECF No. 1, ¶¶ 13, 14.)[4]

By a letter dated July 15, 2023, in an effort "to validate the debt . . . [,]" Sims of Buckles & Buckles provided payment copies and monthly billing statements.  (ECF No. 8-2, PageID.55; *see also id*., PageID.56-91.)  On July 29, 2023, Sims of Buckles & Buckles informed Plaintiff in writing that Discover Bank had completed its investigation and determined that his account was valid; accordingly, the law firm was resuming its "legal action to collect this debt."  (ECF No. 11, PageID.115.)  (*See also* ECF No. 1, ¶¶ 15, 16.)

---

such documents on a motion to dismiss does not offend Fed. R. Civ. P. 12(d) ("Result of Presenting Matters Outside the Pleadings.").

[4] Defendants have attached a letter dated June 29, 2023, whereby Discover's Credit Bureau Management sought additional information (ECF No. 8-1, PageID.47); however, this letter is not mentioned within Plaintiff's pleading, and, thus, will not be considered in connection with this motion.

Plaintiff wrote to Sims on August 4, 2023, providing several reasons why "[a]ny legal action on your part at this time *may be* premature . . . ."  (ECF No. 8-1, PageID.44, 46 (emphasis added).)  In an August 13, 2023 letter, Sims stated, *inter alia*:  "If the documentation provided does not sufficiently address your concerns regarding your liability to pay on the account, please detail your reason in writing so that we may better understand the issue."  (ECF No. 11, PageID.114.)  Plaintiff responded with a letter dated September 5, 2023.  (ECF No. 8-3, PageID.93-94.)  (*See also* ECF No. 1, ¶¶ 17, 19, 20.)

## 2.    State court case

On October 10, 2023, Discover Bank – via Attorney Wilshere – initiated a state court case against Henry Jagos.  *See* 2023-23-3186-GC-GC (53rd District Court – Howell, MI).  (*See also* ECF No. 1, ¶ 22.)  The Court takes judicial notice of the state court docket, in accordance with Fed. R. Evid. 201(b) ("Kinds of Facts That May Be Judicially Noticed.").  Once Discover Bank filed its case in state court, it seems Plaintiff warned Discover of his intention to file a lawsuit.  In the instant lawsuit, Plaintiff alleges he sent a NOTICE OF PENDING LAWSUIT to Defendants on October 27, 2023 – "to offer the opportunity to come to a reasonable settlement to the matters at hand[,]" – which they received on November 1, 2023.  (ECF No. 1, ¶¶ 23, 24.)  Plaintiff alleges that "Defendants responded by e-mail on November 4, 2023[,] indicating a willingness to discuss

the matter[,]" (*id.*, ¶ 25), and also describes email communications during November 2023 (*id.*, ¶¶ 26, 27, 28).  Plaintiff alleges he "did not hear from Mr. Sims again until December 21, 2023 . . . [,]" at which point Sims "said Discover Bank turned down Plaintiff's offer."  (*Id.*, ¶ 29.)  (*See also* ECF No. 11, PageID.100-101.)

Discover filed a motion for summary disposition in the state court case on January 16, 2024, *i.e.*, the day before Plaintiff filed the instant lawsuit.  On February 22, 2024, the state court entered judgment in the amount of $10,731.08.  (*See also* ECF No. 12-1, PageID.126.)  Most recently, on March 22, 2024, a writ was issued for garnishment of income tax.

### 3.    FDCPA (Count I)

The FDCPA is codified at 15 U.S.C. §§ 1692-1692p.  Plaintiff alleges he "has never had any accounts with the Defendants[,]" and also alleges "Defendants['] actions to collect the alleged debt from the Plaintiff violated the provisions of the FDCPA," resulting in damages.  (*Id.*, ¶¶ 37, 38, 39.)

### a.    Section 1692g ("Validation of Debts")

The Court construes Plaintiff's FDCPA claim as largely based on Section 1692g(b), as his pleadings' factual allegations contain multiple references to "validation" (*see* ECF No. 1, ¶¶ 13-21) and Count I expressly references "verification" and this statutory subsection (*see id.*, ¶¶ 36, 38).  Defendants argue

8

that Plaintiff has failed to state a claim under 15 U.S.C. § 1692g.  (ECF No. 8, PageID.38.)  In pertinent part, this statute provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

### i.    Timing under Section 1692g(b)

Defendants contend that "Plaintiff disputed the debt more than 30 days after receiving Mr. Sims' notice, thereby forfeiting his procedural rights under 15 U.S.C. §1692g."  (ECF No. 8, PageID.33 ¶ 2.)  They further contend "Plaintiff admits that he did not dispute the debt within 30 days, although the notice clearly advises him of his obligation to do so, as a condition for asserting his rights to additional information under the FDCPA."  (*Id*., PageID.39.)

Defendants are not entitled to dismissal of Plaintiff's Section 1692g(b) claim as untimely.  Preliminarily, the Court agrees with Plaintiff that "[n]owhere in the notice does it say a response is due within 30 days . . . ."  (ECF No. 11, PageID.102.)  Plaintiff alleges this was a violation of 15 U.S.C. § 1692g(a)(3) ("a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ."). (*Id.*, PageID.102-103.)

Even if the notice did not comply with 15 U.S.C. § 1692g(a)(3), Plaintiff's dispute was timely by the terms of the notice itself. In his pleading, Plaintiff alleges he received an undated collection notice on May 1, 2023, alleging a balance due of $10,511.36. (ECF No. 1, ¶ 12.)[5] This is clearly a reference to the notice signed by Wilshere, which expressly states: "Call or write us by 06/09/23, to dispute all or part of the debt." (ECF No. 8-1, PageID.53.) Plaintiff sent his dispute on June 6, 2023, and it was received by Defendants on June 9, 2023. (ECF No. 1, ¶¶ 12, 13, 14.) Thus, even if Plaintiff sent his dispute more than thirty days after he admits to having received the notice, Plaintiff appears to have done so within the time provided in the collection notice itself. Accordingly, Plaintiff reasonably asserts that he "responded timely to the notice sent by Ms. Wilshere." (ECF No. 11, PageID.98 ¶ 2.)

### ii.    Validation under Section 1692g(b)

---

[5] By comparison, in his response, Plaintiff "denies he received the notice on May 1, 2023 and [cannot] recall exactly what day it was received[,]" (ECF No. 11, PageID.99-100), and he contends he "never admitted that he did not respond within 30 days of the notice . . . [,]" (*id.*, PageID.102).

Defendants contend that, "[e]ven if the request for validation were timely,

Mr. Sims' response to the request complied with the FDCPA."  (ECF No. 8,

PageID.40-41.)  With respect to 15 U.S.C. § 1692g(b), the Sixth Circuit has stated:

> The verification provision must be interpreted to provide the
> consumer with notice of how and when the debt was originally
> incurred or other sufficient notice from which the consumer could
> sufficiently dispute the payment obligation.  This information does not
> have to be extensive.  It should provide the date and nature of the
> transaction that led to the debt, such as a purchase on a particular date,
> a missed rental payment for a specific month, a fee for a particular
> service provided at a specified time, or a fine for a particular offense
> assessed on a certain date.

*Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785–86

(6th Cir. 2014).  In support of their claim that "Mr. Sims appropriately validated

Plaintiff's debt to Discover[,]" Defendants seem to rely upon the July 15, 2023

letter signed by Attorney Sims of Buckles & Buckles, attached to which were:

- A June 23, 2022 Western Union payment to Discover (account
  ending in 6843) in the amount of $184.00 signed by Kathy
  Jagos (ECF No. 8-2, PageID.56);

- A September 2022 to October 2022 billing statement for
  Discover (account ending in 6843), reflecting a "previous
  balance" of $9.714.97 and a "new balance" of $9,789.42 (*id*.,
  PageID.64-69);

- An October 2022 to November 2022 billing statement for
  Discover (account ending in 6843), reflecting a "previous
  balance" of $9,789.42 and a "new balance" of $9.877.57 (*id*.,
  PageID.70-73);

- A November 2022 to December 2022 billing statement for Discover (account ending in 6843), reflecting a "new balance" of $9.967.44 (*id.*, PageID.74-77);

- A December 2022 to January 2023 billing statement for Discover (account ending in 6843), reflecting a "new balance" of $10,181.20 (*id.*, PageID.78-83);

- A January 2023 to February 2023 billing statement for Discover (account ending in 6843), reflecting a "new balance" of $10,398.65 (*id.*, PageID.84-87);

- A February 2023 to March 2023 billing statement for Discover (account ending in 6843), reflecting a "new balance" of $10,604.34 (*id.*, PageID.88-91).

(ECF No. 8, PageID.39-40.)[6]  Defendants take the position that "[t]he statements provided an explanation of the source of the debt and when it was incurred, including the dates and nature of the transactions."  *Daniel v. Midland Funding, LLC*, No. 15-CV-10956, 2016 WL 4253886, at *7 (E.D. Mich. Aug. 12, 2016) (Goldsmith, J.).

_____

[6] In addition to these documents regarding an account ending in 6843, the attachments also included items regarding another account:  (a) a September to October 2021 billing statement for Discover (*account ending in 7371*), reflecting purchases of $1,101.04, balance transfers of $6,688.29 (seemingly from a Citibank account), and fees charged of $200.65, for a total "new balance" of $7,989.98 (*id.*, PageID.58-63); and, (b) a February 23, 2022 payment by check to Discover (*account ending in 7371*) in the amount of $193.00 signed by Kathy Jagos (ECF No. 8-2, PageID.57).  It is not at all clear why Defendants expressly cite this account statement in their motion (*see* ECF No. 8, PageID.39-40), when the instant lawsuit concerns the account ending in 6843 (*see* ECF No. 1, ¶ 12).

Plaintiff contends that Defendants "did not provide the information requested [in] Plaintiff's dispute letters . . . ." (ECF No. 11, PageID.98 ¶ 3.) For example, Plaintiff's June 6, 2023 letter sought, *inter alia*, a "full accounting of both sides of the ledger," "account level documents . . . including original signatures," and the original creditor's identity. (ECF No. 8-1, PageID.48-50; *see also* ECF No. 11, PageID.99.) Plaintiff maintains that Defendants' letters – dated July 15, 2023, July 29, 2023, August 13, 2023 – "ignored and never addressed the issues raised by Plaintiff . . . ." (ECF No. 11, PageID.99.) He particularly contends that: (a) the July 15, 2023 letter and enclosed documents "did not provide validation of the contract and debt[;]" (b) the July 29, 2023 letter "provided no explanation or proof as to how Discover made their 'investigation' and came to their determination[;]" and, (c) the August 13, 2023 letter "claim[s] the information sent by Defendants met both Federal and State laws… [b]ut … never says what laws" and makes "offensive" comments. (*Id*., PageID.100 (citing *id*., PageID.114, 115; ECF No. 8-2, PageID.55-91).)

However, Defendants have convincingly argued that the debt collector – *i.e.*, Buckles & Buckles and/or its attorneys – provided documents sufficient "to enable the consumer to 'sufficiently dispute the payment obligation.'" *Haddad*, 758 F.3d at 785 (quoting *Dunham v. Portfolio Recovery Assocs., LLC,* 663 F.3d 997, 1004 (8th Cir.2011)). (ECF No. 12, PageID.118.) In one of Plaintiff's prior consumer

credit cases, this Court stated:  "§ 1692g(b) only requires the debt collector to mail to the debtor a verification identifying the original creditor before continuing collection efforts."  *Jagos v. L. Firm of Allen C. Smith, PC*, No. 12-CV-13206, 2013 WL 3895454, at *5 (E.D. Mich. July 29, 2013) (Borman, J.).  Judge Borman found Defendants' validation sufficient where they provided Plaintiffs with "the Short Form Purchase Agreement."  (*Id.*)  (ECF No. 12, PageID.120.)

In the instant case, the aforementioned monthly billing statements provided to Plaintiff in July 2023 are sufficient validation of Plaintiff's debt to Discover Bank (for the account ending in 6843).  The presumed May 2023 initial notice listed debt in the amount of $10,511.36 (ECF No. 8-1, PageID.53), which is also the amount listed in the instant January 2024 complaint (ECF No. 1, ¶¶ 12, 22) and the amount listed as damages in the February 2024 state court order of judgment (ECF No. 12-1, PageID.126).  Furthermore, Defendants' July 15, 2023 letter and attachments, which culminate with the March 11, 2023 statement, show a "new balance" of $10,604.34 (ECF No. 8-2, PageID.88-91).  These statements constitute "verification of the debt . . . ."  15 U.S.C. § 1692g(b).  *See*, *e.g.*, *Ritter v. Cohen & Slamowitz, LLP*, 118 F. Supp. 3d 497, 502, 504 (E.D.N.Y. 2015) (considering a Fed. R. Civ. P. 12(b)(6) motion in a FDCPA case, finding "credit card statements covering a period of two years[,]" even without itemization of charges, "sufficient under the rule in *Haddad* to permit the Plaintiff to dispute the Debt . . . ."); *Mock v.*

*Couch, Conville, & Blitt, LLC*, No. CV 20-594-JWD-RLB, 2021 WL 930291, at \*6
(M.D. La. Feb. 23, 2021) (considering a Fed. R. Civ. P. 12(b)(6) motion, an
itemized accounting "is by no means a necessary requirement under §
1[69]2g(b)."), *report and recommendation adopted*, No. CV 20-594-JWD-RLB,
2021 WL 922061 (M.D. La. Mar. 10, 2021).  Thus, contrary to Plaintiff's
suggestion in his reply, Defendants – or, more accurately, Discover – did not file
its October 2023 state court lawsuit before providing validation or verification.
(ECF No. 11, PageID.107 ¶ E.)

    **b.**   **Sections 1692e & 1692f**

    Plaintiff's FDCPA claim also cites various subsections of Section 1692e,
which generally provides that "[a] debt collector may not use any false, deceptive,
or misleading representation or means in connection with the collection of any
debt[,]" and Section 1692f, which generally provides that "[a] debt collector may
not use unfair or unconscionable means to collect or attempt to collect any debt."
(*See* ECF No. 1, ¶¶ 32-35, 38.)  However, the bases of any such alleged statutory
violations are not clear from the pleading's factual allegations.  <u>As such, analysis</u>
<u>of whether Plaintiff has stated such a claim upon which relief may be granted</u>
<u>could end here.</u>  Indeed, Defendants do not cite these statutory subsections in their
motion.  (*See* ECF No. 8.)

To be sure, Plaintiff repeats these citations in his combined response / motion for summary judgment, expounding upon each of them.  (*Compare* ECF No. 1, PageID.4-5 ¶¶ 32-35; *with*, ECF No. 11, PageID.105-107 ¶¶ A-D.) Admittedly outside of Plaintiff's pleading, these paragraphs – as well as other portions of Plaintiff's response – point the Court's attention to three yet-to-be-discussed exhibits:  (i) the March 31, 2023 Discover statement (ECF No. 11, PageID.111); (ii) a December 22, 2015 "receivables sale and contribution agreement," whereby Discover Bank sold to Discover Funding "all receivables arising in a subset of those accounts[,]" (*id.*, PageID.112-113); and, (iii) a 2022 Discover Cardmember Agreement (*id.*, PageID.116).  These items are not attached to or expressly referenced within Plaintiff's complaint.  *See Bassett*, 528 F.3d at 430.  Nonetheless, even if these documents are "matters outside the pleadings[,]" Fed. R. Civ. P. 12(d), and cannot, therefore, be considered on a motion to dismiss, the documents do not appear to aid Plaintiff's cause, for the reasons that follow.

### i. March 31, 2023 "charge off" statement

Plaintiff contends that Defendants "acted deceitfully by omitting the last statement from Discover . . . showing a zero balance."  (ECF No. 11, PageID.100; *see also id.*, PageID.101, 103.)  As noted above, it seems the latest of the billing statements provided by Defendants was the March 11, 2023 billing statement, which listed a "new balance" of $10,604.34.  (ECF No. 8-2, PageID.88-91.)

Plaintiff has submitted documentation indicating that, for the period March 12, 2023 to March 31, 2023, Plaintiff's Discover card (account ending in 6843) had "payments and credits" of $10,604.34, resulting in a "new balance" of "$0.00," but also showing a "minimum payment" of $1,800.02 due on April 26, 2023.  (ECF No. 11, PageID.111.)  Plaintiff suggests he learned of this statement "when Defendants filed their motion for summary judgment in the Livingston County District Court on January 8, 2024[,]" (ECF No. 11, PageID.101), which, presumably, is a reference to Discover's January 16, 2024 motion for summary disposition in the state court case.

If Plaintiff found out about the March 31, 2023 statement on January 16, 2024, then Plaintiff might have mentioned it within his January 17, 2024 complaint in this matter.  Nonetheless, Plaintiff appears to misconstrue the March 31, 2023 statement as showing a "zero balance."  (ECF No. 11, PageID.100, 101, 103.)  Defendants contend that Plaintiff's March 31, 2023 documentation (ECF No. 11, PageID.111) is "a portion of the charge off statement . . . ."  (ECF No. 12, PageID.122 n.3.)  "Charging off" is "a business practice where a creditor writes off a debt and no longer considers the account balance an asset for accounting purposes; it does not discharge the debt or eliminate the debtor's payment obligations on the account."  *Christian v. Equifax Info. Servs., LLC*, No. 18-13682,

17

2020 WL 2087869, at *4 (E.D. Mich. Apr. 30, 2020) (Roberts, J.).  As such, it does not appear to be evidence of a "zero balance."

### ii.  December 22, 2015 "receivables sale and contribution agreement"

Plaintiff claims to have found the December 22, 2015 "Receivables Sale and Contribution Agreement" (*see* ECF No. 11, PageID.112-113) with "just a little effort," contending it "says that Discover Bank will sell to Discover Funding LLC its credit card accounts[,]" and further contending "there is no proof Discover Bank still had an interest in the alleged debt Defendants were trying to collect."  (*Id.*, PageID.103.)  It is not clear how an agreement from December 2015 would negate Discover's ability to collect on a credit account for which the monthly billing statements are designated, "cardmember since 2021."  (*See* ECF No. 8-2, PageID.58, 64, 70, 74, 78, 84, 88.)

### iii.  2022 Discover Cardmember Agreement

Moreover, Plaintiff refers to a Discover Cardmember Agreement © 2022 (*see* ECF No. 11, PageID.116), contending Defendants "attempted to use a card agreement that did not exist . . . at the time the application was allegedly made to represent the character, amount, and legal status of an alleged debt."  (ECF No. 11, PageID.103.)  *See also* 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of . . . the character, amount, or legal status of any debt[.]").  However, while the Court suspects that modifications to cardmember agreements

18

are common, the bigger point to be made here is that Plaintiff does not show that anything in the 2022 version is materially different than what would have been in effect at the time he became a cardmember in 2021 or at the time of his debt. Finally, this cardmember agreement, without more, does not show that "Defendants attempted to collect on a debt for which they had no basis to prove its character, amount or legal status as required under the FDCPA." (ECF No. 11, PageID.103.) Nor does the cardmember agreement, on its own, show that the amount sought to be collected is not "expressly authorized by the agreement creating the debt . . . ." 15 U.S.C. § 1692f(1). (*See* ECF No. 1, ¶ 35.)

### 4.      Michigan Occupational Code (Count II)

Michigan's occupational code contains several sections dedicated to "collection practices." *See* Mich. Comp. Laws §§ 339.901-339.920. In his second cause of action, Plaintiff alleges Defendants are a "collection agency" as defined by Mich. Comp. Laws § 339.901(b), Plaintiff is a "debtor" as defined by Section 339.901(f), and Defendants violated, *inter alia*, Section 339.915(e), which prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a commun[ic]ation when it is made in connection with collecting a debt." (*See* ECF No. 1, ¶¶ 42, 43, 44.) Plaintiff alleges these violations have resulted in damages. (*Id.*, ¶ 45.)

Defendants' motion does not address Plaintiff's state law cause of action, nor does their reply (*see* ECF Nos. 8, 12); thus, it would appear they do not seek dismissal of this claim.  However, while Plaintiff's own motion for summary judgment quotes Section 339.915(e), it expounds as follows:  "For the reasons as previously stated above, Defendants violated this rule by attempting to collect on an alleged debt from the Plaintiff."  (ECF No. 11, PageID.107 ¶ F.)  However, the above sections explain why Plaintiff's FDCPA claim (Count I) should be dismissed, and, even if the Court were inclined to consider the summary judgment portion of Plaintiff's combined filing, his single sentence regarding Section 339.915(e) does not "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As to Plaintiff's Michigan Occupational Code cause of action (Count II), his motion for summary judgment is conclusory, unsupported and undeveloped.

However, the Court need not consider that state law claim (Count II) on the merits.  If it agrees with the recommendation that the FDCPA claim (Count I) should be dismissed, then the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.  *See* 28 U.S.C. § 1367 ("Supplemental jurisdiction").

     **5.**    **Additional Reasons for Dismissal of Claims Against Defendants Wilshere and Kajy**

Although Wilshere and Kajy are named in the caption of the complaint and are each identified as attorneys at Buckles & Buckles, P.L.C. (*see* ECF No. 1, ¶¶ 7, 9), the only other places they are expressly mentioned within the complaint are in the prayers for relief for each count.  (*See d*., ¶¶ 40, 46 (emphases added).)  As such, Defendants correctly note that "[n]either defendant is alleged to have taken any action that violated the FDCPA."  (ECF No. 8, PageID.41; *see also* ECF No. 12, PageID.123.)  *Bates v. Green Farms Condo. Ass'n*, No. 18-13533, 2019 WL 4073395, at *4 (E.D. Mich. Aug. 29, 2019) (Cohn, J.) ("There are no specific factual allegations against Highlander to form a viable claim under the FDCPA."), *aff'd*, 958 F.3d 470 (6th Cir. 2020).  *See also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

In his response, Plaintiff contends:  "Each Defendant named in this Complaint has their name on one or more documents in their effort to collect on a debt allegedly owed by the Plaintiff.  They have had a hand in, one way or another, against the Plaintiff in attempting to collect a debt."  (ECF No. 11, PageID.98 ¶ 4.) Plaintiff further contends that Wilshere and Kajy "were acting as debt collectors attempting to collect an alleged debt from the Plaintiff."  (ECF No. 11, PageID.104.)  Here, Plaintiff references five signatures:

- Wilshere signed the notice of debt, which Plaintiff claims to have received on May 1, 2023 (ECF No. 8-1, PageID.53; ECF No. 1, ¶ 12);

- Wilshere signed Discover's October 10, 2023 state court complaint;

- Kajy signed Discover's December 4, 2023 response to Jagos's November 15, 2023 motion to dismiss in the state court case;

- Kajy signed Discover's January 16, 2024 motion for summary disposition in the state court case; and,

- Seemingly, Kajy signed Discover's February 20, 2024 correspondence in the state court case.

(ECF No. 11, PageID.104.)  *See also* Case No. 2023-23-3186-GC-GC (53rd District Court – Howell, MI).  Plaintiff contends "[a]ll the Defendants were acting in concert attempting to collect an alleged debt from the Plaintiff."  (*Id.*)

Yet, even taking into consideration Wilshere and Kajy's signatures on the law firm's initial notice and/or the filings in the state court case, Defendants accurately state that "none of the alleged FDCPA violations are based on these documents."  (ECF No. 12, PageID.123.)  Instead, it would seem that Plaintiff's claims are based on the July 15, 2023 letter and enclosed documents, the July 29, 2023 letter, and/or the August 13, 2023 letter.  (ECF No. 1, ¶¶ 15, 16, 19.)  Each of these letters was signed by Sims.  (*See* ECF No. 8-1, PageID.55; ECF No. 11, PageID.114, 115.)

In sum, either because Plaintiff's *pleading* does not allege any wrongdoing particularly by Defendants Wilshere or Kajy, or because the documents upon which Wilshere and Kajy's signatures appear are not the subject of Plaintiff's claims in this Court, Defendants Wilshere and Kajy are entitled to dismissal.

### F.   Conclusion

For all of the reasons stated above, the Court should:  **(1) GRANT** Defendants' Fed. R. Civ. P. 12(b)(6) motion (ECF No. 8) and dismiss Plaintiff's FDCPA claim (Count I) (*see* Section II.D.3); **(2)** decline to exercise supplemental jurisdiction over Plaintiff's state law claim (Count II) (*see* Section II.D.4) and dismiss this cause of action without prejudice to refiling it in state court; and, **(3)** accordingly, close this case.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but they are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human*

*Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  May 1, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE